IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-02447-PAB

F.F.A., a minor child by and through his parents and next friends, NAFLAA and FALEH ALDOSARI; NAFLAA ALDOSARI individually; and FALEH ALDOSARI, individually,

    Plaintiffs,

v.

CENTURA HEALTH, a non-profit corporation, and CATHOLIC HEALTH INITIATIVES COLORADO, a Colorado non-profit corporation, d/b/a., CENTURA HEALTH-PENROSE-ST. FRANCIS HEALTH SERVICES, ROBIN SHARROCK MILLS, M.D., SHELLY ASBEE, M.D., and ACADEMY WOMEN'S HEALTHCARE ASSOCIATES,

    Defendant.

## PLAINTIFFS' AMENDED COMPLAINT AND JURY DEMAND

Plaintiffs herein, by and through their attorneys Neil Hillyard and Penelope Clor of the law offices of Tomazin, Hillyard, & Clor, L.L.P., and demand a jury trial of the following claims for relief, and state, aver, and allege as follows:

### GENERAL ALLEGATIONS

1.     Plaintiffs Naflaa and Faleh Aldosari reside in the State of California and are subjects and citizens of a foreign state, Saudi Arabia.

2.     Plaintiff F.F.A. is a citizen of the United States, domiciled in the State of California.

3.     The matter in controversy in this case exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

4. At all times relevant hereto, Centura Health and Catholic Health Initiatives are Colorado corporations and Colorado citizens doing business in the State of Colorado as Centura Health-Penrose-St. Francis Health Services.

5. Centura Health's primary place of business and/or corporate office is located at 188 Inverness Drive West, Suite 500, Englewood, Colorado 80122.

6. Catholic Health Initiatives Colorado's primary place of business and/or corporate office is located at 198 Inverness Drive West, Englewood, Colorado 80112.

7. Defendant, Centura Penrose-St. Francis Health Services was, at all times material hereto, and continues to be a Colorado Corporation organized and existing under the laws of the State of Colorado with its principal place of business being 2222 N Nevada Avenue, Colorado Springs, Colorado 80907.

8. Defendant Centura Health and Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services (hereinafter referred to as "Penrose Hospital"), at all times material hereto, was a Colorado corporation in good standing, doing business in the State of Colorado, which business included the operation of Penrose Hospital; and further included the care and treatment of patients within said hospital.

9. At all times material hereto, Defendant Robin Sharrock Mills, M.D. (hereinafter referred to as "Dr. Mills") was a medical physician domiciled and licensed to practice medicine in the State of Colorado, holding herself out as a specialist in the field of Obstetrics and Gynecology, with her primary place of business being Academy Women's Healthcare Associates, 6071 East Woodman Road, Suite 405, Colorado Springs, Colorado 80923.

10. At all times material hereto, Defendant Shelly Asbee, M.D. (hereinafter referred to as "Dr. Asbee") was a medical physician domiciled and licensed to practice medicine in the State of

Colorado, holding herself out as a specialist in the field of Obstetrics and Gynecology, with her primary place of business being Academy Women's Healthcare Associates, 6071 East Woodman Road, Suite 405, Colorado Springs, Colorado 80923.

11. Defendant Academy Women's Health Services, at all times material hereto, was a Colorado corporation in good standing, doing business in the State of Colorado, which business included the operation of an obstetrical and gynecology clinic; and further included the care and treatment of patients within said obstetrical and gynecology clinic, with its primary place of business being 6071 East Woodman Road, Suite 405, Colorado Springs, Colorado 80923.

12. Plaintiff F.F.A. is the natural born minor child of Plaintiffs Naflaa and Faleh Aldosari.

13. On or about September 23, 2016, Plaintiff Naflaa Aldosari was evaluated by Defendant Dr. Asbee at Defendant Academy Women's Health and by staff and employees of Defendant Academy Women's Health to assess the health of her fetus.

14. Defendant Dr. Asbee and Defendant Academy Women's Health by and through its agents, servants, and employees assumed the responsibility and duty of adequately and safely assessing the health of Plaintiff Naflaa Aldosari's fetus and make appropriate and safe recommendations of care based on that assessment.

15. On Friday, September 23, 2016, Defendants Academy Women's Health and Defendant Dr. Asbee failed to take any action and/or admit Plaintiff to Penrose Hospital to deliver her fetus, and instead, she was sent home.

16. The next day on Saturday, September 24, 2016, Plaintiff Naflaa Aldosari presented to Penrose Hospital and was admitted to Penrose Hospital in active labor.

17. At all times material hereto, Plaintiffs Naflaa Aldosari and F.F.A. (f/k/a Baby Boy Aldosari) were patients of Defendants Penrose Hospital, Dr. Mills, Dr. Asbee, and Academy Women's Health.

18. At all times material hereto, while Plaintiff Naflaa Aldosari was a patient at Defendant Penrose Hospital, its employees, agents and/or servants of Defendant Penrose Hospital, while acting within the course and scope of their employment, provided care to her and the fetus within her.

19. Fetal monitoring demonstrated signs and symptoms of fetal distress which required immediate intervention including, but not limited to, performing a timely caesarian section.

20. Plaintiff F.F.A. was born at Defendant Penrose Hospital on Sunday, September 25, 2016 via a vaginal delivery as a caesarian section was not done.

21. Following his delivery, it was noted that Plaintiff F.F.A. was bradycardic, had decreased tone, was limp and had no respiratory effort, and he had Apgars documented to be 2 at one minute, 5 at five minutes, and 7 at ten minutes.

22. Plaintiff F.F.A. sustained severe permanent injury to his brain.

23. The aforementioned severe permanent injury to Plaintiff F.F.A.'s brain occurred during Plaintiff Naflaa Aldosari's labor and delivery of Plaintiff F.F.A.

24. Plaintiff F.F.A. continues to suffer from his severe permanent brain injury and requires extensive supportive care and treatment for his condition.

### FIRST CLAIM FOR RELIEF
**(Defendant Centura Health and Catholic Health Initiatives Colorado d/b/a Centura Health-Penrose-St. Francis Health Services– Vicarious Liability)**

25. Plaintiffs incorporate herein and make a part hereof paragraphs 1 through 24, as if fully set forth.

26. While Plaintiffs Naflaa Aldosari and F.F.A. were patients in Defendant Penrose Hospital as described above, employees, agents, and/or servants of Defendant Penrose Hospital, including nurses and other medical staff, provided care that fell below the applicable standard of care, and they were negligent in their care and treatment of Plaintiffs including, but not limited to, the following acts or failures to act:

    a. Failure to promptly and properly care for Plaintiffs Naflaa Aldosari and F.F.A.;

    b. Failure to properly monitor, interpret and respond to the intrauterine condition of the minor Plaintiff, F.F.A.;

    c. Failure to properly monitor the progress of labor;

    d. Failure to timely recognize and respond to the signs of non-reassuring fetal monitor tracings and heart tones, fetal distress and fetal asphyxia;

    e. Failure to timely obtain appropriate medical assistance to treat the fetal distress;

    f. Failure to take necessary obstetrical nursing actions or precautions in the presence of non-reassuring fetal monitor tracings and heart tones, fetal distress and fetal asphyxia;

    g. Failure to properly follow all policies and procedures including, but not limited to, all safety policies and procedures of Penrose Hospital applicable to Naflaa Aldosari's labor and the delivery of F.F.A.; and

    h. Failure to adhere to accepted standards of practice of labor and delivery nurses during the course of Plaintiff Naflaa Aldosari's labor.

27. As a result of the negligence and/or failure to meet the applicable standards of care of Defendant Penrose Hospital employees, agents and/or servants as set forth above, Plaintiff F.F.A. has sustained severe and permanent brain damage including, but not limited to, profound developmental and tone abnormalities, respiratory difficulties, permanent cognitive and mental

impairment, permanent physical impairment, disfigurement and disability, and other further related injuries to his muscular, skeletal, nervous, and psychic systems.

28. As a further result of negligence of Defendant Penrose Hospital and its employees, agents and/or servants as set forth above and/or failure to meet the applicable standards of care as set forth above, Plaintiff F.F.A. has in the past endured pain and suffering and a loss of enjoyment of a natural life, and will in the future endure pain and suffering and a loss of enjoyment of a natural life; he has in the past endured mental and emotional distress and will in the future endure mental and emotional distress; he has in the past incurred expenses for medical care, hospital care, special home care, therapists, special equipment, attendant care and related expenses and will in the future incur expenses for medical care, hospital care, special home or residential care, therapists, special equipment, attendant care and related expenses, and in the future, he will incur a loss of time, earnings, and impairment of his earning capacity.

29. As a further result of Defendant Penrose Hospital employees, agents and/or servants' negligence and/or failure to meet the applicable standard of care of the as set forth above, Plaintiffs Naflaa Aldosari and Faleh Aldosari have incurred damages including, but not limited to, the cost and expenses of necessary medical and other care and treatment, and special care and services required by their son F.F.A. Furthermore, Plaintiffs Naflaa Aldosari and Faleh Aldosari have suffered damages by providing reasonable and necessary nursing, therapeutic and other special and extraordinary care to their son F.F.A.

WHEREFORE, Plaintiffs pray for relief following the First Claim for Relief.

## SECOND CLAIM FOR RELIEF
### (Defendant Academy Women's Health Care Associates – Vicarious Liability)

30. Plaintiffs incorporate herein and make a part hereof paragraphs 1 through 29, as if fully set forth.

31. While Plaintiffs Naflaa Aldosari and F.F.A. were patients at Defendant Academy Women's Health Care Associates as described above, employees, agents, and/or servants of Defendant Academy Women's Health Care Associates, including Nurses and other medical staff, provided care that fell below the applicable standard of care and were negligent in their care and treatment of Plaintiffs, including, but not limited to, the following acts or failures to act:

   a. Failure to promptly and properly care for Plaintiffs Naflaa Aldosari and F.F.A.;

   b. Failure to properly monitor, interpret and respond to the intrauterine condition of the minor Plaintiff, F.F.A.;

   c. Failure to properly monitor and assess Plaintiff Naflaa Aldosari concerns regarding fetal wellbeing on or about September 23, 2016;

   d. Failure to timely recognize and respond to the signs of fetal distress;

   e. Failure to timely obtain appropriate medical assistance to treat the fetal distress;

   f. Failure to take necessary obstetrical nursing actions or precautions in the presence of fetal distress;

   g. Failure to properly follow all policies and procedures, including but not limited to all safety policies and procedures of Defendant Academy Women's Health Care Associates as applicable to Naflaa Aldosari's labor and the delivery of F.F.A., and;

32. As a result of Defendant Dr. Mills negligence and/or failure to meet the applicable standard of care as set forth above, Plaintiffs have suffered injuries damages and losses as set forth in Paragraphs 27, 28 and 29 which are fully incorporated herein.

WHEREFORE, Plaintiffs pray for relief following the Second Claim for Relief.

## THIRD CLAIM FOR RELIEF
### (Defendant Dr. Mills – Negligence)

33. Plaintiffs incorporate herein and make a part hereof paragraphs 1 through 32 as if fully set forth.

34. At all times material hereto, Defendant Dr. Mills was the obstetrician responsible for the labor and delivery of Plaintiff F.F.A.

35. At all times material hereto, with respect to the care and treatment provided to Plaintiff Naflaa Aldosari and Plaintiff F.F.A. while in utero, and during labor and delivery, Defendant Dr. Mills owed a duty to Plaintiffs herein to exercise that degree of skill, care, caution, diligence, and foresight exercised by and expected of other physicians practicing in the field of obstetrics and gynecology. Defendant Dr. Mills's care fell below that standard, and he was negligent, including, but not limited to, the following acts or failures to act:

    a. Failure to appropriately supervise Defendant Penrose Hospital's employee nurses and others involved in the labor of Plaintiff Naflaa Aldosari and the delivery of Plaintiff F.F.A. during the labor and delivery;

    b. Failure to timely respond to, attend to and/or provide care for Plaintiffs Naflaa Aldosari and F.F.A.;

    c. Failure to promptly and properly provide treatment to Plaintiffs Naflaa Aldosari and F.F.A.;

    d. Failure to properly monitor the intrauterine condition of the minor Plaintiff, F.F.A.;

    e. Failure to properly monitor the progress of labor;

  f. Failure to timely and properly diagnose and treat the conditions of Plaintiffs Naflaa Aldosari and F.F.A., including, but not limited to, performing timely delivery and/or cesarean section;

  g. Failure to be in attendance at critical times during Plaintiff Naflaa Aldosari's labor;

  h. Failure to properly follow policies and procedures of Defendant Penrose Hospital applicable to Naflaa Aldosari's labor and the delivery of F.F.A.; and

  i. Failure to adhere to accepted obstetrical standards of practice during the course of Naflaa Aldosari's labor and F.F.A.'s delivery.

36. As a result of Defendant Dr. Mills negligence and/or failure to meet the applicable standard of care as set forth above, Plaintiffs have suffered injuries damages and losses as set forth in Paragraphs 27, 28 and 29 which are fully incorporated herein.

  WHEREFORE, Plaintiffs pray for relief following the Third Claim for Relief.

## FOURTH CLAIM FOR RELIEF
**(Defendant Dr. Asbee – Negligence)**

37. Plaintiffs incorporate herein and make a part hereof paragraphs 1 through 36 as if fully set forth.

38. At all times material hereto, Defendant Dr. Asbee was the obstetrician responsible for the care and treatment of Plaintiffs Naflaa Aldosari and F.F.A. on or about September 23, 2016.

39. At all times material hereto, with respect to the care and treatment provided to Plaintiff Naflaa Aldosari and Plaintiff F.F.A. while in utero, Defendant Dr. Asbee owed a duty to Plaintiffs herein to exercise that degree of skill, care, caution, diligence, and foresight exercised by and expected of other physicians practicing in the field of obstetrics and gynecology. Defendant Dr. Asbee's care fell below that standard, and he was negligent including, but not limited to, the following acts or failures to act:

a.      Failure to appropriately supervise Defendant Academy Women's Health Care Associates employee nurses and others involved in the care of Plaintiff Naflaa Aldosari on or about September 23, 2016;

b.      Failure to timely respond to, attend to and/or provide care for Plaintiffs Naflaa Aldosari and F.F.A.;

c.      Failure to promptly and properly provide treatment to Plaintiffs Naflaa Aldosari and F.F.A.;

d.      Failure to properly monitor the intrauterine condition of the minor Plaintiff, F.F.A.;

f.      Failure to timely and properly diagnose and treat the conditions of Plaintiffs Naflaa Aldosari and F.F.A. including, but not limited to, performing timely delivery and/or cesarean section;

g.      Failure to properly follow policies and procedures of Defendant Penrose Hospital applicable to Naflaa Aldosari's labor and the delivery of F.F.A.; and

h.      Failure to adhere to accepted obstetrical standards of practice during the course of Naflaa Aldosari's labor and F.F.A.'s delivery.

40.     As a result of Defendant Dr. Mills negligence and/or failure to meet the applicable standard of care as set forth above, Plaintiffs have suffered injuries damages and losses as set forth in Paragraphs 27, 28 and 29 which are fully incorporated herein.

WHEREFORE, Plaintiffs pray for relief following the Fourth Claim for Relief.

### FIFTH CLAIM FOR RELIEF
((Defendant Centura Health and Catholic Health Initiatives Colorado d/b/a
Centura Health-Penrose-St. Francis Health Services – Negligence)

41.     Plaintiffs incorporate herein and make a part hereof paragraphs 1 through 40, as if fully set forth.

42. Defendant Penrose Hospital had a duty to have qualified labor and delivery personnel caring for the obstetric patients at Penrose Hospital.

43. Penrose Hospital had a duty to have appropriate policies and procedure documenting the correct procedures to be followed during the treatment of patients during labor and delivery.

44. Defendant Penrose Hospital negligently failed to adequately establish that its employee nurses and other medical providers working in the labor and delivery unit of its hospital were qualified to act as labor and delivery nurses or as other medical providers for Plaintiff Naflaa Aldosari and F.F.A. and a failure to establish that their treatment of Naflaa Aldosari and F.F.A. was appropriate. Its failure to do so includes, but is not limited to, the following acts or failures to act:

    a.    Failure to adequately screen nurses and other employees who cared for Plaintiffs Naflaa Aldosari and F.F.A. when they were being considered for employment;

    b.    Failure to provide adequate training and continuing education to its nurses and other employees who cared for Plaintiffs Naflaa Aldosari and F.F.A.;

    c.    Failure to adequately monitor and, if need be, to correct the job performance of its nurses and other employees who cared for Plaintiffs Naflaa Aldosari and F.F.A.;

    d.    Failure to have adequate written policies and procedures for use by its nurses and other medical professionals at its hospital during labor and delivery of its patients;

    e.    Failure to enforce its policies and procedures used by its nurses and by other medical professionals during labor and delivery of its patients;

45. As a result of the negligence of Defendant Penrose Hospital set forth above, Plaintiffs have suffered injuries damages and losses as set forth in Paragraphs 27, 28, and 29 which are fully incorporated herein.

    WHEREFORE, Plaintiffs pray for judgment to be entered against Defendant and in

favor of Plaintiffs in an amount of money which will fairly and adequately compensate Plaintiffs for their injuries and damages in this case, plus costs and interest as permitted by Colorado Law, plus whatever further relief as to this court seems just and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX ON ALL ISSUES**.

DATED:  September 28, 2018

Respectfully submitted,

TOMAZIN, HILLYARD, & CLOR, L.L.P.

*In accordance with C.R.C.P. 121 '1-26(9) a printed copy of this document with signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

 */s/ Penelope Clor*
Neil Hillyard, #5245
Penelope Clor, #23135
Attorneys for Plaintiffs

Plaintiffs' Address:
2807 Barnard Street
San Diego, CA 92110